DECISION
Before the Court is Thomas R. DiLuglio's (plaintiff) Motion for Adoption of Report of Special Master. The Special Master was appointed per a September 2, 1994 Order of Reference to Master.
This Court has read and considered in detail the Special Master's findings and recommendations contained in his report. It has considered same in light of the reviewing opinion submitted by the plaintiff's accounting firm, Kaplan, Moran, DiGennaro, Ltd. (Kaplan Report) and the defendant's accountants, Kahn Litwin Co. Ltd. (Kahn Report).
After reviewing the plaintiff's opinion of the Master's Report, the Court notes the following. In determining the adjusted earnings of the company, the Master's compensation figures were reasonable. The Court finds the Master's adjusting Mr. Petrarca's salary to reflect same as a percentage of sales based on the sales volume of the company, while not adjusting the salary of the multi-dutied officer manager, Mrs. Petrarca, were reasonable. The Master's additional adjustment of the personal auto use of the company's "older vehicles to five thousand dollars was also warranted. Also accepted by this Court are the Master's not adjusting the charitable political contributions, which he regarded as ordinary and necessary business expenses, and his not adjusting the profit sharing contributions, which he found reasonable for the subject entrepreneurial business possessing an established, qualified retirement plan. Finally, with respect to the Master's use of the company's operating results for the fiscal year ending September 30, 1989, this Court finds such a date to be appropriate as the closer cut-off date of March 31, 1989 disregards the seasonal nature of the business, the historic earnings of the company, and the year end profit sharing contribution expense. Accordingly, utilization of the March 31, 1989 date for valuation purpose would result in a distorted earnings figure ultimately resulting in an overstated value of $1,235,000. for the company.
Considering the Master's Report in light of the Kahn Report, the Court notes the following. The Kahn Report found that the gross value of Providence Auto Body on February 7, 1989 was $600,000., making the plaintiff's 20% interest worth $120,000. The Court finds that the Master correctly interpreted Charland v.Country View Golf Club, Inc., 588 A.2d 609 (R.I. 1991) involving shares not being sold on the open market and followed this Court's earlier order not to apply a lack of marketability discount to the shares of Providence Auto Body resulting in the higher valuation figure. The Court also finds reasonable and justified the Master's after tax capitalization rate of 20.6%, specifically arrived at utilizing a risk free Long Term Government Board rate of 8.6% and a stock equity Risk Premium of 12% of which 5.5% is applied for common stock and 6.5% for small stock. This 20% rate is reasonable as it does not include the additional risk of a sale of stock to a third party who might not run the company as productively as Petrarca, a factor not appropriate to the instant proceeding wherein the shares are being purchased by the company.
After thorough review, this Court finds the Special Master's Report and Recommendation (Master's Report) to be informative, credible, and reasonable. Accordingly, this Court accepted the findings made therein. In accordance with those findings carefully determined from an acceptable, after-tax basis using the capitalization of excess earning method and the comparable companies method, this Court finds the fair market value of 100% of the common stock of Providence Auto Body, Inc. as of February 7, 1989 to be $874,000., rendering Mr. DiLuglio's 20% interest to be valued at $174,800.
Pursuant to Provision 6 of the September 2, 1994 "Order of Reference to Master," the Special Master should submit invoices of his service to this Court with copies to the attorneys for the parties. After this Court's review, all reasonable invoices will be paid by Providence Auto Body within thirty days of issuance. Providence Auto Body is also directed to remit payment for the February 26, 1996 invoice submitted by Coyle Appraisal Company. As this Court has reviewed said invoice and find same to be reasonable, Providence Auto Body pursuant to Provision 14 of the "Order of Reference to Master" is required to pay for same.
The Court has reviewed the "Order Adopting Special Master's Report and Recommendation." The Court will enter upon submission an order revised as follows: elimination of the section of paragraph one which reads,
 "The Court finds that the Report is not clearly erroneous. Also, the Court finds that Defendants did not object to the Report in the two months following its issuance, thus failing to comply with the 10-day time limits contained in ¶ 13 of the September 2, 1994 Order and Super. Ct. R. Civ. P. 53(e)(2).";
revision of payment date to "thirty days after entry of this order"; and revision of provision 1. to read, "After reviewing the Report and considering the reviewing opinions submitted by the parties, the Court adopts the report in full." The revised order will be entered unless timely objection thereto is made by the defendant.